# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

DEQUAN K. ROBINSON,

                                    Plaintiff,

            - v -                                      Civ. No. 9:16-CV-0232
                                                              (DNH/DJS)
DONALD G. UHLER,

                                    Defendant.

**APPEARANCES:**                          **OF COUNSEL:**

DEQUAN K. ROBINSON
Plaintiff, *Pro Se*
09-A-4163
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

HON. ERIC T. SCHNEIDERMAN          RYAN W. HICKEY, ESQ.
Attorney General of the State of New York   Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224


**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Dequan Robinson commenced this civil rights action, pursuant to 42 U.S.C.

§ 1983, asserting claims arising from his incarceration at Upstate Correctional Facility ("Upstate")

in the custody of the Department of Corrections and Community Supervision ("DOCCS"). Dkt. No.

1, Compl.

        Briefly stated, Plaintiff alleges that, on January 21, 2015, he was housed in the special

housing unit ("SHU") at Upstate, *see id.* at p. 6, when he was assaulted by corrections officers after

he "refused to be double bunked with members of the bloods prison gang," *id.* at p. 1. Plaintiff claims that he was then repeatedly doubled bunked in cells with various members of the bloods gang, and was attacked multiple times. *See id.* at pp. 2-6. Plaintiff claims that corrections staff did not intervene when he was attacked and threatened, *id.* at pp. 2 & 4, but in fact encouraged Plaintiff's cellmates to attack him, *id.* at pp. 3-6. According to Plaintiff, several bloods gang members who had histories of assaulting other inmates were housed in his cell; Plaintiff allegedly learned from those inmates that they had been encouraged by corrections staff to assault Plaintiff. *Id.* at pp. 4-5. Plaintiff requested placement in protective custody several times, or for a transfer to a single cell SHU facility, but those requests were ignored. *Id.* at p. 7. After a fight with a cellmate, Plaintiff was sentenced to an additional 270 days in SHU, beginning from January 10, 2016. *Id.* at p. 6. Plaintiff claims that Defendant Uhler violated Plaintiff's Eighth Amendment rights by subjecting him to cruel and unusual conditions of confinement. *Id.* Plaintiff seeks only injunctive relief, and requests that the Court either order Plaintiff to be transferred to a different facility with a single cell SHU or to be held in single cell protective custody until his SHU time is completed. *Id.* at pp. 7-8.

Presently before the Court is Defendant's Motion to Dismiss the Complaint, brought pursuant to FED. R. CIV. P. 12(b)(6). Dkt. No. 18, Def.'s Mot. Dismiss. Plaintiff has filed a Response, Dkt. No. 21, Pl.'s Resp., and Defendant has filed a Reply, Dkt. No. 22, Def.'s Reply. In his Motion, Defendant asserts that Plaintiff's request for injunctive relief is moot because he is no longer housed at Upstate and has been transferred to Great Meadow Correctional Facility ("Great Meadow"). Dkt. No. 18-1, Def.'s Mem. of Law; *see also* Docket Entry (Nov. 7, 2016) (updating Plaintiff's address to Great Meadow). Plaintiff argues that he might be transferred back to Upstate

and therefore, his request to be held in a single cell SHU is not moot. Pl.'s Resp. at pp. 2-3.

"In order for a federal court to retain jurisdiction over a case, an actual controversy must 'exist at all stages of review, not merely at the time the complaint is filed.'" *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)). "A case is moot when 'it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, [and] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Davis v. New York*, 316 F.3d 93, 99 (2d Cir. 2002) (citation omitted). "[A]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006). The exception to this general rule is "for challenged actions that 'are capable of repetition, yet evading review.'" *Pugh v. Goord*, 571 F. Supp. 2d 477, 488 (S.D.N.Y. 2008) (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)). This exception applies "if '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [i]s a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Id.* (quoting *Murphy v. Hunt*, 455 U.S. at 482).

In this case, the Court finds that Plaintiff's transfer to Great Meadow moots his request for injunctive relief relating to his incarceration at Upstate. While mindful of the fact that DOCCS may freely transfer Plaintiff between facilities, *see id.* at p. 489, the Court is unable to discern any basis other than speculation for concluding that Plaintiff will be returned to Upstate. *See Morgan v. Dzurenda*, 2014 WL 6673839, at *6 (D. Conn. Nov. 21, 2014) (finding that inmate's request for placement in protective custody until his release was mooted by his transfer to a different facility). In his Response, dated October 29, 2016, Plaintiff states that he had been sentenced to six months

in SHU, in addition to the 270 days he was serving beginning from January 10, 2016; he argues that due to the length of his SHU sentence, he would likely be transferred either to Upstate or Southport Correctional Facility. Pl.'s Resp. at p. 2. As of that date of this Report-Recommendation and Order, however, Plaintiff is still incarcerated at Great Meadow, and assuming that he has not been sentenced to additional SHU time since he filed his Response to Defendant's Motion, his SHU sentence would be completed. Accordingly, the Court finds that Plaintiff's request for injunctive relief is moot, and recommends that this action be **dismissed**.

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 18) be **GRANTED** and this action **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

Date:   August 14, 2017
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge